1  **LAW OFFICE OF CHÉ L. HASHIM**
Ché L. Hashim (SBN # 238565)
2  179 11th Street, 2nd Floor
San Francisco, CA 94103
3  Telephone: (415) 487-1700
Facsimile:  (415) 865-0376
4
Attorney for Plaintiff
5  REBEL8 Inc,

6

7

8

9

10                    **UNITED STATES DISTRICT COURT**

11                 **NORTHERN DISTRICT OF CALIFORNIA**

12
REBEL8 Inc.,                          )   Case No.:
13                                     )
          Plaintiff,                   )   COMPLAINT FOR:
14                                     )   (1)  FEDERAL COPYRIGHT
     vs.                               )        INFRINGEMENT;
15                                     )   (2)  CALIFORNIA UNFAIR
M.O.B. Inc. and CHAD SCHOEMAN          )        COMPETITION AND DECEPTIVE
16                                     )        TRADE PRACTICE; AND
          Defendants                   )
17  _____)   DEMAND FOR JURY TRIAL

18
                        **COMPLAINT**
19
20       Plaintiff REBEL8 Inc. ("REBEL8") makes the following allegations on information and

21  belief.

22  **INTRODUCTION**

23       1. This is an action for copyright infringement and unfair competition.  Plaintiff's first claim

24  is for copyright infringement. Plaintiff REBEL8 is the creator and owner of copyrighted graphic

25  designs used on clothing apparel, which are very popular and readily available at specially

26  selected physical and online retail locations. Defendants manufactured, distributed, marketed

27  and/or sold infringing copies of Plaintiff's copyrighted design. Plaintiff seeks all relief available

28  to it for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§ 101

**LAW OFFICE OF CHÉ L. HASHIM**
Ché L. Hashim (SBN # 238565)
179 11th Street, 2nd Floor
San Francisco, CA 94103
Telephone: (415) 487-1700
Facsimile: (415) 865-0376

Attorney for Plaintiff
REBEL8 Inc,

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEL8 Inc., | ) Case No.: |
| | ) |
| Plaintiff, | ) COMPLAINT FOR: |
| | )   (1) FEDERAL COPYRIGHT |
| vs. | )        INFRINGEMENT; |
| | )   (2) CALIFORNIA UNFAIR |
| M.O.B. Inc. and CHAD SCHOEMAN | )        COMPETITION AND DECEPTIVE |
| | )        TRADE PRACTICE; AND |
| Defendants | ) |
| | ) DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff REBEL8 Inc. ("REBEL8") makes the following allegations on information and belief.

## INTRODUCTION

1. This is an action for copyright infringement and unfair competition. Plaintiff's first claim is for copyright infringement. Plaintiff REBEL8 is the creator and owner of copyrighted graphic designs used on clothing apparel, which are very popular and readily available at specially selected physical and online retail locations. Defendants manufactured, distributed, marketed and/or sold infringing copies of Plaintiff's copyrighted design. Plaintiff seeks all relief available to it for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§ 101

*et seq.* Plaintiff's second claim is for unfair competition California state law.  More specifically, this claim for relief is for unfair competition and deceptive trade practices against all Defendants arising under the common law of the State of California and under the California Business and Professions Code §§ 17200 *et seq.*

**JURISDICTION AND VENUE**

2. This is an action for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§ 101 *et seq.* and unfair competition under the laws of the State of California, including state statutory and common law unfair competition. California Business and Professions Code §§ 17200 *et seq.*

3. This court has jurisdiction of this action under federal copyright laws pursuant to 28 U.S.C. § 1331 and § 1338(a).

4.  This court also has supplemental jurisdiction of state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district under 28 U.S.C. §§ 1400(a)  and 1391(b) because REBEL8 has its principal place of business in the Northern District of California and because a substantial part of the event giving rise to the claim alleged herein occurred in this judicial district.

**THE PARTIES**

6. Plaintiff REBEL8, Inc. ("REBEL8") is a California corporation with its office at 1661 Tennessee Street, #2L, San Francisco, CA 94107. Plaintiff is the owner of the copyright at issue in this lawsuit. (See Exhibit A filed concurrently herewith in "Exhibits Accompanying All Pleadings, Declarations and any other Records on File in This Action." Note that all EXHIBITS mentioned hereafter are filed as such.)

7. On information and belief, Defendant M.O.B., INC. ("MOB Inc.") is a California corporation whose address cannot be found, but whose web address is www.mobincclothing.com and/or www.mobinc.net and whose email address is mobincsales@aol.com. On the information and belief that MOB Inc. designs, manufactures, and sells clothing apparel in retail stores in

California and elsewhere, and by distribution through well recognized online apparel distributors.

8. On information and belief, Defendant CHAD SCHOEMAN ("SCHOEMAN") is an individual whose address is 195 Albert Place, Costa Mesa, California 92627. On information and belief, SCHOEMAN is and at all times material hereto has been the owner and operator of the corporation MOB Inc., and SCHOEMAN participates in and/or is the moving force behind infringements of Plaintiff's rights complained of herein.

9. Plaintiff is presently unaware of the names or capacities of individuals and/or entities who aided and abetted the Defendants in the doing of the acts herein specified, and Plaintiff reserves the right to request leave to amend this complaint when the true names and capacities are known. (See Exhibit G.)

10. At all times herein mentioned, each of the said defendants participated in the doing of acts hereinafter alleged to have been done by the named defendants and furthermore, the defendants and each of them, were the agents, servants, and employees of each of the other defendants as well as the agents of all defendants and at all times herein mentioned were acting within the course and scope of said agency and employment.

11. At all times mentioned herein, the acts and omissions of the various defendants, and each of them, concurred and contributed to the various acts and omissions of the other defendants in proximately causing the injuries and damages as herein alleged.

12. Defendants, and each of them, are individually sued as participants and aiders and abettors in the wrongful activities complained of herein, and the liability of each arises from the fact that each has engaged in all or part of the improper acts, plans, schemes or transactions, which operated a fraud against the Plaintiffs, who are informed and believe and thereon allege that at all times relevant hereto, the defendants, and each of them, had actual knowledge of the acts and conduct complained of herein and participated in the furtherance of the fraudulent acts as more fully set forth. Defendants, and each of them, have participated as members of the conspiracy or acted in furtherance of it, or aided or assisted in carrying out the fraudulent

purposes alleged in this Complaint, and have performed acts and/or made statements or representations in furtherance of the conspiracy and in so doing aided and abetted the fraudulent conduct herein complained of.

## FIRST CAUSE OF ACTION

### (Copyright Infringement)

13. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 12 of the Complaint.

14. Plaintiff REBEL8 is a highly successful niche clothing designer. Plaintiff is well recognized in the markets in which they seek exposure. Plaintiff has adopted and consistently utilized the distinctive style of the designs and illustrations of MIKE GIANT. MIKE GIANT has created hundreds of designs that are wholly original to Plaintiff and are copyrightable subject matter under the laws of the United States. MIKE GIANT has, by employment agreement, assigned copyrights for all of his illustrations and designs to REBEL8. (See Exhibit A.)

15. Plaintiff's copyrighted designs are used on clothing apparel such as t-shirts, sweatshirts, jackets and hats. Plaintiff's designs are also used on other items such as posters, tattoos, stickers, skateboards, and many other products.

16. Products containing Plaintiff's copyrighted designs are sold *only* to small, niche chain boutiques and through direct retail sales on Plaintiff's website. Specifically, in San Francisco, Tru, LA, SLB, Karmaloop.com sell products bearing Plaintiff's designs. Worldwide, close to a few hundred stores sell Plaintiff's designs. (See REBEL8.com/stores for the full list.)

17. Plaintiff attempts to protect its original designs as entitled by law. With respect to the design at issue in this lawsuit, Plaintiff has complied in all respects with the Copyright Act of the United States and all other laws governing copyright, and secured the exclusive rights and privileges in and to the design at issue. The United States Copyright Office issued a U.S. Copyright Registration, which includes the design at issue in this lawsuit.

18. Unscrupulous artists, manufacturers, wholesalers and/or retailers frequently sell Plaintiff's copyrighted designs without Plaintiff's permission. In Plaintiff's experience, such unscrupulous artists, manufacturers, wholesalers and/or retailers frequently steal Plaintiff's designs knowing that the risk of ever being caught is small in the constantly changing and large apparel industry.

19. Once Plaintiff discovers one instance of copyright infringement by unscrupulous artists, manufacturers, wholesalers and/or retailers, further investigation by Plaintiff has usually uncovered additional instances of copyright infringement of Plaintiff's copyrighted designs.

20. Defendants have infringed, directly or through agents, Plaintiff's copyright. Plaintiff caught Defendants selling clothing apparel containing designs probatively and substantially similar to the following copyrighted design of Plaintiff:

| Title | Date of First Publication | Registration No. | Registration Date |
|---|---|---|---|
| STARTIN' UP A POSSE | January 1, 2006 | VA 1-390-636 | February 21, 2006 |

(See Exhibit B.)

21. On information and belief, Defendants have infringed Plaintiff's copyrights by, *inter alia*: (1) selling or offering for sale various products containing designs substantially similar to Plaintiff's copyrighted designs; and (2) placing infringing products in close proximity to products belonging to Plaintiff's affiliated brands.

22. On information and belief, Defendants' are aware that REBEL8 considers the design labeled by Defendants' "VIVA LA MOB", and all derivative usages of that infringing design, infringe on the copyright held by REBEL8, in its "STARTIN' UP A POSSE" design.

23. Plaintiff has been and still is the sole proprietor of all rights, titles, and interests in the copyright at issue. Defendants' use, production, distribution and/or sale of Plaintiff's copyrighted

design are and have been without the consent and/or authorization of Plaintiff. The activities of Defendants complained of herein constitute willful and intentional infringement of Plaintiff's copyrights and are in total disregard of Plaintiff's rights.

## SECOND CAUSE OF ACTION

### (California Unfair Competition and Deceptive Trade Practices)

24.     This is a cause of action for Unfair Competition and Deceptive Trade Practices arising under the common law of the State of California and under the California Business and Professions Code §§ 17200 *et seq.*

25.     Plaintiff repeats and realleges each and every allegation as set forth in Paragraphs 1-24, as though fully set forth herein.

26.     As hereinbefore alleged, Plaintiff has adopted and consistently utilized the distinctive style of the designs and illustrations of MIKE GIANT in relation to the marketing and promotion of their business of furnishing wholesale black and white print designs on apparel, and accordingly, has gained visual recognition in the arenas in which distributed and purchased. MIKE GIANT has signed an agreement to sign his designs and illustrations *only* to REBEL8. See Exhibit A.

27.     Upon information and belief, Defendants, and each of them, with knowledge of Plaintiff's ownership and prior use of the distinctive designs of MIKE GIANT, have subsequently used and exploited the aforementioned design, in a manner which is confusingly similar to Plaintiff's designs and advertising and marketing materials, and have thus misappropriated Plaintiff's substantial property rights in such a marketing and design strategy, and the reputation of Plaintiff.  Such appropriation will permit Defendants, and each of them, to palm off furnishing the wholesale black and white designs on apparel of Defendants as goods and services produced, sponsored, authorized or endorsed by Plaintiff, in violation of California common law of unfair competition.

28.     Defendants, and each of them, have acted to compete unfairly with Plaintiff in violation of California's statutory unfair competition laws and California common law.

29.    Defendants, and each of them, have engaged in, and are presently engaging in, deceptive trade practices wherein Defendants, and each of them, have acted with the purpose to infringe and dilute the "STARTIN' UP A POSSE" design of Plaintiff and to further unfairly compete with Plaintiff in contravention of California Business and Professions Code §§ 17200 *et seq.*; governing unfair trade practices.

30.    Upon information and belief, and as a direct and proximate result of Defendants' wrongful acts, Defendants have made substantial profits to which they are not equitable entitled.

31.    As a direct and proximate cause of the aforesaid actions by Defendants, and each of them, Plaintiff has been injured in an amount that cannot now be determined.

32.    Defendants threaten to, and unless restrained, will continue the acts complained of herein, all to Plaintiff's irreparable damage, and it will be extremely difficult to ascertain the amount of compensation which would afford Plaintiff adequate relief.

33.     In doing the acts hereinabove alleged, Defendants, and each of them, have acted with willful malice and in a despicable manner towards Plaintiff, with the intent to injure and damage Plaintiff, such that exemplary damages, under California Civil Code § 3294 should be awarded to Plaintiff.

### THIRD CAUSE OF ACTION

### (Piercing the Corporate Veil)

34. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33 of the Complaint.

35. Defendant SCHOEMAN is, upon information and belief, and at all times mentioned herein were, upon information and belief, the owner of any and all outstanding shares of stock of Defendant MOB Inc. The shares, so owned, upon information and belief, constitute 100 percent of the total number of shares issued.

36. There exists, and at all times herein mentioned there existed a unity of interest and ownership between Defendant SCHOEMAN and Defendant MOB Inc., such that any individuality and separateness between Defendant SCHOEMAN and Defendant MOB Inc. have

ceased, and Defendant MOB Inc., is the alter ego of Defendant SCHOEMAN, in that Defendant MOB Inc., is, and at all times herein mentioned was, a mere shell and sham without capital, assets, stock, or stockholders.  Defendant MOB, Inc., was, upon information and belief, conceived, intended, and used by Defendant SCHOEMAN, as a device to avoid individual liability.

37. Further, Defendant MOB Inc., is, upon information and belief, and at all times mentioned herein was, inadequately capitalized.

38. Adherence to the fiction of the separate existence of the Defendant MOB Inc., as an entity distinct from Defendant SCHOEMAN would permit an abuse of the corporate privilege and would promote injustice in that Plaintiff would suffer severe financial loss.


PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and/or orders as follows:

39. That Defendants be held to have infringed, directly or otherwise, Plaintiff's copyrights.

40. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendants in an amount thus far not determined.

41. As result of such infringement, Plaintiff seeks all remedies available to it pursuant to the Copyright Act including, but not limited to:

a. Seizure, impoundment and/or destruction of all of the products used to perpetrate the infringing acts pursuant to 17 U.S.C. § 503(a). On information and belief, Defendants and/or third parties have documents reflecting the total number of infringing goods manufactured, distributed, sold and still remaining in inventory including but not limited to production reports, shipping invoices, bills of lading, sales invoices, and inventory-on-hand reports. On information and belief, these

documents reflect the style/item numbers for Defendants' infringing designs. Defendants and/or third parties have sales and marketing materials reflecting the images of infringing designs and associated style/item numbers including sales catalogs.

b.  Actual damages suffered by Plaintiff as a result of the infringement pursuant to 17 U.S.C. § 504 (b). One measure of actual damages is the fair market value of a license covering the Defendants' infringing use of Plaintiff's designs. To the extent applicable, Plaintiff seeks an additional award of two times the amount of the license fee that the proprietor of the establishment concerned should have paid the Plaintiff for such infringing use during the preceding period of up to 3 years pursuant to 17 U.S.C. § 504(b).

c. Any profits of Defendants that are attributable to the infringement and are not taken into account in computing the actual damages pursuant to 17 U.S.C. § 504(b). On information and belief, Defendants and/or third parties have documents that reflect the profits of Defendants that are attributable to the infringement including sales invoices for the infringing designs and all documents showing Defendants' direct costs of production.

d. Statutory damages (at Plaintiff's election) instead of actual damages and profits, for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $ 750 or more than $ 30,000 as the court considers just pursuant to 17 U.S. C. § 504(c)(1). To the extent the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $ 150,000 per violation pursuant to 17 U.S.C. § 504(c)(2).

42. That Defendants be required to account for all gains, profits and advantages derived from each of its infringements of the copyrights of Plaintiff and to pay Plaintiff such damages as Plaintiff has sustained in consequence of each of Defendant's infringements of the copyright, or such damage as to this court shall appear proper within the provisions of the Copyright Law, including, without limitation, statutory damages up to $ 150,000 per violation;

43. That all of the products used to perpetrate the infringing acts be seized, impounded and destroyed.

44. That a preliminary and permanent injunction issue restraining and enjoining each Defendant, and each such Defendant's officers, agents, attorneys, directors, employees and those acting in privity or in concert with them from directly or indirectly using, in any fashion, any of Plaintiff's copyrighted works;

45. That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff to avoid dissipation and/ or fraudulent transfers of such monies by Defendants;

46. That Defendants be ordered to pay compensatory damages;

47. That Defendants pay to Plaintiff costs of this action, expenses, and reasonable attorney's fees;

48. That Defendants pay to Plaintiff prejudgment interest; and

49. Such other and further relief as the court may deem necessary or appropriate.


Dated: March 5, 2008


LAW OFFICE OF CHÉ L. HASHIM

CHÉ L. HASHIM


/s/ [Signature]

CHÉ L. HASHIM

179 11th Street, 2nd Floor

San Francisco, CA 94103

Telephone: (415) 487-1700

Attorney for Plaintiff REBEL8, Inc.

**DEMAND FOR A JURY TRIAL**

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: January _____, 2008

Respectfully submitted,

LAW OFFICES OF CHÉ L. HASHIM

CHÉ L. HASHIM

/s/ [Signature]

Ché L. Hashim

179 11th Street, 2nd Floor

San Francisco, CA 94103

Telephone: (415) 487-1700

Attorney for Plaintiff REBEL8, Inc.