CHE L. HASHIM Esq (SBN 238565)
179 11th Street, 2nd Floor
San Francisco, CA 94103
Telephone: (415) 487-1700
Facsimile: (415) 865-0376

Attorney for Plaintiff
REBEL8, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEL8, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> M.O.B., Inc., CHAD SCHOEMAN <br><br> Defendant | Case No.: <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ORDER SHORTENING TIME. <br><br> Dept: |

### A.   FACTUAL STATEMENT

Plaintiff REBEL8, Inc. ("REBEL8") is the owner of a registered copyrighted ink drawing entitled "STARTIN' UP A POSSE" and bears an effective date of registration of February 21, 2006. The copyrighted "STARTIN' UP A POSSE" design appeared first in the "Spring / Summer 2006" REBEL8 catalogue. (See EXHIBITS B and C filed concurrently herewith in "Exhibits Accompanying All Pleadings, Declarations and any other Records on File in This Action." Note that all EXHIBITS mentioned hereafter are filed as such.)

In August of 2007, it came to Plaintiff's attention that their copyrighted design had been copied without authorization by Defendants M.O.B., Inc. ("MOB Inc.") and/or CHAD

SCHOEMAN and was being used by Defendants, in a minimally altered state, for a "VIVA LA MOB" design. Although some changes were made to the "VIVA LA MOB" design, it is a derivative of Plaintiff's copyrighted "STARTIN' UP A POSSE" design.

The "VIVA LA MOB" design appeared on t-shirts and sweatshirts. The t-shirts and sweatshirts bearing the "VIVA LA MOB" design were sold and continue to be sold both on internet retail sites and in physical retail locations in California. (See EXHIBIT D.)

Defendant CHAD SCHOEMAN ("SCHOEMAN") is the owner of the Trademark "MOB INC." (See EXHIBIT E.) REBEL8 attempted to and did contact SCHOEMAN. SCHOEMAN conceded use of the "VIVA LA MOB" design, but demonstrated an indifference to the possibility that the "VIVA LA MOB" design was infringing on Plaintiff's copyrighted drawing.

Defendants MOB Inc. and/or SCHOEMAN clearly copied Plaintiff's "STARTIN' UP A POSSE" drawing in an effort to create confusion, and to take advantage of Plaintiff's good will in the trade and amongst the consuming public. However, Defendants were not content with violations of intellectual property infringement. They sought to exacerbate their already illegal conduct by fraud and deceit. Such acts of Defendants are detailed in the Declaration of JOSH DRAPIEWSKI, which is filed concurrently as EXHIBIT F.

Defendants intentionally misled customers, from both the public and the trade, by falsely representing affiliation with REBEL8. Affiliation was represented by placing the infringing product directly next to products, which bear resemblance to Plaintiffs products and are made by a Company that Plaintiff has an ongoing and well-publicized collaborative relationship. Thus, the promotional and marketing efforts of Defendant's are intended, and in fact do, create confusion amongst the consuming public, by deceptively passing-off Defendant's designs as those having originated from the Plaintiff's Company, or from a collaboration between Plaintiff and his well known collaborative partner.

Further, within the past months SCHOEMAN has received several requests to cease and desist from offering for sale any of the infringing products. SCHOEMAN has not responded to

requests to cease and desist. SCHOEMAN has in fact continued to fill orders for sale of the infringing product, with full notice of the claims against Defendants regarding those sales. Again, violating both Federal and California law, Defendants have undertaken actions intentionally designed to confuse and defraud the consumer public and trade.

Furthermore, in specific instances SCHOEMAN was notified of the infringement, and SCHOEMAN's response to such notifications was to intentionally lie, claiming that he would "look into the matter." (Refer to Declaration of JOSH DRAPIEWSKI, Exhibit F.) Clearly, Plaintiff can demonstrate a strong probability of success, and the granting of the injunctive relief herein sought is both proper and necessary.

### B. ARGUMENT

Fed. R. Civ. P 6(d) provides that the time period for the hearing of a motion may be changed upon application. Because of the congested civil calendar in this Court, Plaintiff could not have his Motion For Preliminary Injunction heard until, at the earliest _____, 2008. Because the continuing conduct of the Defendants is causing Plaintiff substantial damage to trade name and reputation, good cause exists for the issuance of an Order Shortening Time for the hearing of Plaintiff's Motion for Preliminary Injunction.

One factor the court will consider in determining whether a movant has demonstrated good cause is his or her diligence. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605 (E.D. Cal. 1999). In this matter, counsel for Plaintiff sought issuance of a Temporary Restraining Order contemporaneously with the filing of the complaint. That application was denied. Plaintiff now submits this application.

Dated: March 5, 2008

*/s/ Che L. Hashim*
CHE L. HASHIM
Attorney for Plaintiff
REBEL8, Inc.