1    **CHE L. HASHIM Esq. (SBN 238565)**
     179 11th Street, 2nd Floor
2    San Francisco, CA 94103
     Telephone: (415) 487-1700
3    Facsimile:  (415) 865-0376

4    Attorney for Plaintiff
     REBEL8, Inc.

ORIGINAL
FILED

MAR - 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

9           **IN THE UNITED STATES DISTRICT COURT**

10       **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

WHA
CV 08 1303

12   REBEL8, Inc.,              ) Case No.:

13          Plaintiff,        ) EXHIBITS ACCOMPANYING ALL
                          ) PLEADINGS, DECLARATIONS AND ANY
14        vs.                 ) OTHER RECORDS ON FILE IN THIS
                          ) ACTION
15   M.O.B., Inc. and CHAD SCHOEMAN   )

16                                     )

17          Defendants            )

20        Plaintiff, REBEL8, Inc., hereby files Exhibits Accompanying the Memorandum of Points

21 and Authorities, Verified Complaint, *Ex Parte* application, all declarations, any other pleadings

22 and records on file in this action.  Please let the Court accept the following Exhibits:

23        EXHIBIT A. Employment Agreement between MIKE GIANT and REBEL8, Inc.;

24        EXHIBIT B. Certificate of Registration Number VA 1-390-636 entitled "STARTIN' UP

25 A POSSE;

26        EXHIBIT C. REBEL8 "Spring / Summer Catalogue";

27        EXHIBIT D. A t-shirt bearing the "VIVA LA MOB" design;

1    EXHIBIT E. Print out from the Patent and Trademark office of the particulars of

2  SCHOEMAN's trademark entitled "MOB INC.";

3    EXHIBIT F. Declaration of JOSH DRAPIEWSKI;

4    EXHIBIT G. Declaration of Counsel.

5

6

7  Dated:  March 5, 2008

8

9                                    CHE L. HASHIM
                                     Attorney for Plaintiff
10                                   REBEL8, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

## EMPLOYMENT AGREEMENT

REBEL8, a sole proprietorship, located at 2415 Third Street #261, San Francisco, CA, hereinafter referred to as Employer, and Michael Lesage aka Mike Giant aka Giant aka Giant One, hereinafter referred to as Employee, in consideration of the mutual promises made herein, agree as follows:

### Employment Term

Employer hereby employs Employee and Employee hereby accepts employment with Employer, for a period of fifteen (15) years (180 months), or for such lesser number of years which is the maximum time allowed by law, beginning on May 1, 2007.

### Agreement Subject to Termination

This agreement may be terminated earlier as hereinafter provided.

### Employment as Artist and Designer

Except as may otherwise be provided herein, Employee is hereby hired to perform services **exclusively** for Employer as an artist and designer to draw and design artwork and designs for use in Employer's apparel business, or as Employer shall otherwise designate. Employee expressly agrees that all artwork and designs, of whatever kind and nature, created at any time or place during the period of employment are and shall be "works made for hire" and are and shall be the sole property of Employer; and Employee quitclaims and assigns to Employer any and all rights, including but not limtied to copyrights, to any and all artwork or designs created during the period of employment; and agrees that Employer shall be the sole owner of such artwork or design.

### Time and Attention

Except as may be expressly allowed in writing by Employer, Employee agrees to devote all of Employee's time, attention, and energy to the performance of Employee's duties as an artist, subject to the direction and control of Employer, and shall to the best of Employee's ability make every effort to provide artwork and designs as required by Employer during the period of employment; and Employee convenants to be on-site at Employer's place of business in San Francisco, California, or such alternate location as Employer may from time to time designate, no less than one (1) week for each quarter of the year, for a total of four (4) weeks per year, at which time Employee shall create and design artwork for graphics as Employer shall direct. Employee covenants to attend for each year of employment no less than four (4) apparel business trade shows for a minium of three (3) days for each such tradeshow, on such date and at such place as Employer shall designate. Employee also convenants to produce for each season, i.e., each three month period of the year, no less than fifteen (15) new graphics/designs for Employer's use and at Employer's direction. Employee also covenants to appear in each twelve month period of this agreement, no fewer than four (4) retail store events which Employer shall designate.

## Competitive Activities

Except as may be provided herein, during the term of this contract Employee shall not, directly or indirectly, either as an employee, employer, consultant, agent, principal, partner, stockholder, corporate officer, director, or in any other individual or representative capacity, engage or participate in any business that is in competition in any manner whatsoever with the business of the Employer; and shall not create or sell artwork or designs for commercial use by any other person or entity in the apparel or in an apparel related business. Employee shall also be prohibited from creating or selling artwork to any other business which sells or gives away or proposes to sell or give away apparel in connection with its mainstream products. For example, Employee is prohibited from producing artwork or designs for a company like Starbucks or BMW which might, in connection with its other products, want to sell or give away T-shirts, hats, or other apparel with a design created by Employee.

From time to time, as Employer may in writing agree, Employee shall be permitted to create and/or sell artwork or designs for commercial use by other persons or entities in the apparel or apparel-related business provided that on each such occasion the REBEL8 name and/or logos shall be prominently displayed on such artwork or design in such place and manner as Employer may agree.

"Apparel" or "apparel-related" business shall mean any and all businesses inlcuding but not limited to manufacturers, wholesalers, retailers, distributors, designers, or sellers dealing in fabrics, cloth, fashion design, apparel, footwear, clothing, clothing accessories, flags, emblems, stickers, patches, purses, bags, briefcases, clutches, man-bags, luggage, backpacks, sunglasses, jewelry, belts, belt buckles; and shall also include for the purposes of this agreement ipod "skins," electronic products skins or coverings, bed sheets, table covers, umbrellas, skateboard and skateboard-related products, watches, jewelry, and decorative products used for motorcyles and cars including but not limited to seat covers. Though Employee is not specifically prohibited from creating designs or artwork for commercial use which is not related to apparel or apparel-related business, as defined herein, Employee shall confer with REBEL8 prior to undertaking any creative work for design or artwork for any non-apparel-related business, and will seek agreement from REBEL8 that the proposed creative work does not conflict with Employee's obligations under this agreement.

Notwithstanding any indication to the contrary herein, Employee shall be permitted to appear at art shows where he may sell for his own account a single work of art, graphic, or design, with the admonition to the buyer thereof that no copies of such work shall be made without the express written permission of REBEL8; and neither shall Employee make any copy of such work for distribution or otherwise, except that Employee may keep a copy or may take a photograph of such work for his portfolio. Employee shall make all reasonable efforts to ensure that REBEL8 shall be credited in the literature promoting any art show, festival, show, or event at which Employee appears. In the event that Employee creates a design or artwork for the use by any non-apparel-related business (e.g., posters, flyers, postcards) including but not limited to art shows, festivals, and other events, Employee shall ensure that such design or artwork will

not be used for any promotional apparel, e.g., T-shirts, without the express written permission of REBEL8.

### Compensation of Employee

As compensation for the services rendered by Employee under this agreement, Employee shall receive an Annual Base Salary of ███████████████████ to be paid in monthly installments of ██████ at the commencement of each month. In addition thereto, Employee shall receive 1) three per cent (3%) of gross sales of all goods and merchandise of Employer sold to Employer's customers worldwide at the full wholesale price; and 2) one percent (1%) of "discounted gross sales" (i.e., goods sold at less than the full wholesale price) of all goods and merchandise of Employer sold to Employer's customers, payable no later than 90 days from the end of each calendar year.

### Business Expenses, Travel, Entertainment, and other Expenses

It is recognized and agreed by the parties to this agreement that in connection with the services to be performed for Employer, Employee will be obliged to expend money for travel, entertainment of customers, gifts, and similar business expenses. Employee is authorized to incur reasonable business expenses for promoting the business of Employer.

### Reimbursement

Employer shall reimburse Employee from time to time for all reasonable business expenses incurred by Employee, provided that Employee presents adequate contemporaneous documentation to Employer.

Employee shall present to Employee adequate contemporaneous documentation for all business expenses.

### Examination of Books

Employee shall have the right, either personally or by an accountant retained and paid by Employee, to examine the books and accounts of Employer, insofar as they relate to transactions affecting the amount of Employee's compensation. Employee's right to examine Employer's books and accounts shall be exercised at times mutually convenient to Employer and Employee and may be exercised at least once during each half of the calendar year.

### Termination of Employment

This agreement shall terminate immediately on the occurrence of any of the following events:

(a) The occurrence of circumstances that make it impossible or impracticable for the business of Employer to be continued.

(b) The death of Employee.

(c) The loss of Employee of legal capacity.

(d) The loss by Employer of legal capacity to contract.

(e) The wilful breach of duty by Employee in the course of this employment duties, unless waived by Employer.

(f) The habitual neglect by Employee of Employee's employment duties, unless waived by Employer.

(g) The continued incapacity on the part of Employee to perform Employee's duties, unless waived by Employer.

### Effect of Termination on Compensation

Subject to any other provision of this Article, in the event of the termination of this agreement prior to the completion of the term of employment specified herein, Employee shall be entitled to the compensation earned prior to the date of termination as provided for in this agreement, computed pro rata up to and including that date. Employee shall be entitled to no further compensation as of the date of termination.

### General Provisions

Any notices to be given by either party to the other may be effected either by personal delivery in writing or by mail, registered or certified, postage prepaid with return receipt requested. Mailed notices shall be addressed to the parties at the addresses appearing in the introductory paragraph of this agreement, but each party may change address by written notice in accordance with this paragraph. Notice delivered personally shall be deemed communicated as of actual receipt; mailed notices shall be deemed communicated as of the date of mailing.

### Arbitration and Mediation

The parties may agree to arbitrate any dispute arising out of this agreement. The parties agree that they will mediate any dispute arriving out of this agreement before the Judicial Arbitration Medion Service in San Francisco, California, or such other mediation service as the parties may agree prior to the initiation of any arbitration or court action. Any party who refuses to mediate before bringing an action shall not recover attorney fees in such action.

### Attorneys' Fees and Costs

In the event of any arbitration or action at law or in equity is necessary to enforce or interpret the terms of this agreement, the prevailing party shall be entitled to reasonable attorney's fees, costs, and necessary disbursements in addition to any other relief to which Employer may be entitled. This provision shall be construed as applicable to the entire contract.

### Miscellaneous

This agreement may be executed in counterpart. This agreement or any of the duties or obligations thereunder not assignable by Employee.

### Entire Agreement

This agreement supersedes any and all other agreements, either oral or in writing, between the parties with respect to the employment of Employee by Employer and contains all of the covenants and agreements between the parties with respect to that employment in any manner whatsoever. Each party to this agreement acknowledges that no representations, inducements, promises, or agreements, orally or otherwise, have been made by any party, or anyone acting on behalf of any party, which are not embodied herein, and that no other agreement, statement, or promise not contained in this agreement shall be valid or binding. Any modification of this agreement will be effective only if it is in writing signed by the party to be charged.

### Partial Invalidity

If any provision of this agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall nevertheless continue in full force without being impaired or invalidated in any way.

### Law Governing Agreement

This agreement shall be governed by and construed in accordance with the laws of the State of California.

### Payment of Sums Due Deceased Employee

If Employee dies prior to the expiration of the term of employment, any moneys that may be due Employee from Employer under this agreement as of the date of death shall be paid to Employee executors, administrators, heirs, personal representatives, successors, and assigns.

### Negotiation and Drafting

The parties acknowledge that the firm of Goldstein, Gellman, Melbostad, Gibson & Harris, LLP, has represented only, Employer, in the drafting of this Agreement, and in all matters relating thereto, and that said firm has advised the other party to this agreement to obtain independent counsel for the review of same prior to signing. Notwithstanding, the determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after negotiation, with consideration by, and participation of, all of the parties hereto. The presumption found in Civil Code Section 1654, that uncertainties in a contract are interpreted against the party causing the uncertainty to exist, is hereby waived by all parties.

### Facsimile Transmission

Facsimile Transmission of any signed original document, and the retransmission of any signed facsimile transmission, shall be the same as transmission of an original and shall be deemed received when confirmation of the receipt of the facsimile is given (which may be given by fax).

## Liquidated Damages

THE PARTIES AGREE THAT IT WOULD BE IMPRACTICABLE OR EXTREMELY DIFFICULT TO FIX, PRIOR TO SIGNING THIS AGREEMENT, THE ACTUAL DAMAGES WHICH WOULD BE SUFFERED BY EMPLOYER WERE EMPLOYEE TO VIOLATE THE COVENANTS SET FORTH HEREIN, PARTICULARLY IN THE PARAGRAPH TITLED "COMPETITIVE ACTIVIITES"; OR WERE EMPLOYEE TO CREATE ARTWORK OR DESIGNS FOR THE USE OF ANY OTHER ENTITY FOR COMMERCIAL USE. THEREFORE, IF WITHOUT EMPLOYER'S EXPRESS WRITTEN PERMISSION, EMPLOYEE VIOLATES SAID COVENANTS AND/OR CREATES ARTWORK OR DESIGNS FOR THE USE OF ANY ENTITY OTHER THAN EMPLOYER, EXCEPT AS MAY BE ALLOWED HEREIN OR AS MAY IN WRITING BE EXPRESSLY PERMITTED BY EMPLOYER, EMPLOYEE SHALL BE OBLIGATED TO PAY AND SHALL PAY EMPLOYER THE SUM OF $25,000 AS LIQUIDATED DAMAGES FOR EACH BREACH OF CONVENANT; EACH SUCH ARTWORK OR DESIGN, AND FOR EACH OR ANY COPY (S) THEREOF. PROVIDED HOWEVER, THAT NOTHING HEREIN CONTAINED SHALL BE CONSTRUED TO PREVENT OR PROSCRIBE EMPLOYER AT ITS ELECTION FROM SEEKING ACTUAL DAMAGES SUSTAINED.

## Work for Hire and Assignment of Rights

I, the undersigned Employee, agree to disclose promptly to Employer all artwork and designs conceived or made by me, whether or not during my hours of employment or the use of the Employer's facilities, materials or personnel, either solely or jointly with another or others during my employment with the Employer, and related to the actual or anticipated business or activities of the Employer, or related to its actual or anticipated development or suggested by or resulting from any task assigned to me or work performed by me for, or on behalf of, the Employer. I assign and agree to assign my entire right, title, and interest therein to the Employer. I will not assert any rights under, to, or any artwork or designs as having been made or acquired by me prior to my being employed by the Employer unless such artwork or designs are identified in the sheet attached hereto and signed by me and the Employer as of the day of this Agreement.

I recognize that all works, including, but not limited to artwork, graphics, designs, renderings, photographs, reports, computer programs, drawings, documentation and publications, which I prepared within the scope of my employment with the Employer are works made for hire and that the worldwide copyrights therein shall be the sole and exclusive property of the Employer. In the event that any said copyrightable work or a portion thereof shall not be legally clarified as a work made for hire, or shall subsequently be so held to not be a work made for hire, I agree to assign, and do hereby so assign, to the Employer all rights, title, and interest in and to said work or portion thereof. I will promptly and fully disclose all such works to the Employer.

I shall, whenever requested to do so by the Employer, execute any applications, assignments or other instruments that the Employer shall consider necessary to apply for and obtain trademark and/or copyright registrations in the United States, or in any foreign country, or to protect otherwise the Employer's interests. These obligations shall continue beyond the termination of my employment with the Employer with respect to artwork or designs, trademarks or copyrightable works conceived, authored or made by me during my period of employment, and shall be binding upon my executors, administrators, or other legal representatives.

Upon termination of my employment with the Employer for any reasons, I shall turn over to the Employer all property then in my possession or custody and belonging to Employer, including any computer equipment, tools, drawings, renderings, designs, graphics, photographs, or other materials.

**THIS IS A BINDING AGREEMENT – READ CAREFULLY BEFORE SIGNING**

Executed on _4/16_, 2007, at _SAN FRANCISCO_, California.

Employer:                                    Employee:

_____                      _____
. By Josh Drapiewski                          Michael Lesage

Certificate of Registration

EXHIBIT B



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



© **Form VA**
For a Work of the Visual Arts

**VA 1-390-636**

EFFECTIVE DATE OF REGISTRATION

Feb 21 2006
Month   Day   Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**1**   Title of This Work ▼
**STARTIN' UP A POSSE**

NATURE OF THIS WORK ▼ See instructions
**INK DRAWING**

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

---

**2**   NAME OF AUTHOR ▼
**a**   **REBEL8**

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
Domiciled in _____ }

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the author of a work made for hire is generally the employer, not the employee (see instructions) For any part of this work that was made for hire check "Yes" in the space provided give the employer (or other person for whom the work was prepared) as "Author" of that part and leave the space for dates of birth and death blank

Nature of Authorship Check appropriate box(es) See instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☒ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**b**   Name of Author ▼

Dates of Birth and Death
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
Domiciled in _____ }

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es) See instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

---

**3**   **a** Year in Which Creation of This Work Was Completed
**2006**
This information must be given Year in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month **JANUARY** Day **1** Year **2006**
Nation **UNITED STATES**

**4**   COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
**REBEL8**
**2415 THIRD ST #261**
**SAN FRANCISCO, CA 94107**

See instructions before completing this space

APPLICATION RECEIVED
FEB 21 2006
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
FEB 21 2006
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

MORE ON BACK ▶   Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
  ☐ Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

See instructions
before completing
this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼          **Account Number** ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼
REBEL8
2415 THIRD ST #261
SAN FRANCISCO, CA 94107
Area code and daytime telephone number   415 863 3861          Fax number   415 863 3976
Email   info@rebel8.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
check only one ▶
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
JOSH DRAPIEWSKI          Date   2/13/06

Handwritten signature (X) ▼
X

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
REBEL8
Number/Street/Apt ▼
2415 THIRD ST #261
City/State/ZIP ▼
SAN FRANCISCO, CA 94107

Complete all necessary spaces
Sign your application in space 8

1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material

Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

Fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000.

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.



AUTHOR: REBEL8
TITLE: STARTIN' UP A POSSE
MEASUREMENTS: 7.67" x 18.00"

REBEL8
2415 THIRD STREET #261
SAN FRANCISCO, CA 94107

PHONE: 415-863-3976 FAX: 415-863-3976
WWW.REBEL8.COM
info@rebel8.com



THIS 2006 SPRING/SUMMER CATALOG IS © 2006 REBEL8.

ALL RIGHTS RESERVED.



BASED IN SAN FRANCISCO, REBEL8 IS A CLOTHING COMPANY
THAT CREATES ORIGINAL HAND-DRAWN TEES WITH AN EMPHASIS
ON TATTOO-INSPIRED ARTWORK.

REBEL8 WAS FIRST CREATED IN 2000 WHEN JOSHY D. CAME UP
WITH THE NAME AND MIKE GIANT CAME UP WITH THE LOOK.
HOWEVER, IT WASN'T UNTIL APRIL OF 2003 WHEN OUR FIRST
LINE OF T-SHIRTS DEBUTED. IN JUST OVER TWO YEARS
REBEL8 HAS EXPANDED GREATLY AND CONTINUES TO GROW EACH
DAY. OUR GOAL HAS ALWAYS BEEN TO MAKE THE BEST AND THE
MOST ORIGINAL CLOTHING. WE CARE A LOT ABOUT THE
PRODUCTS WE RELEASE, OUR NAME, AND OUR BRAND. WE ARE A
SOLID COMPANY THAT FOCUSES ON PRODUCING SOLID
CLOTHING.

WORKING WITH TIMELESS TRADITIONAL TATTOO THEMES,
MODERN GARMENTS, AND UNIQUE GRAPHIC PLACEMENTS, WE
FOCUS ON ONE ITEM AT A TIME AND MAKE SURE IT IS JUST
RIGHT BEFORE WE BEGIN WORK ON THE NEXT.

MIKE GIANT ILLUSTRATES ALL THE GRAPHICS BY HAND; A
PROCESS THAT CAN TAKE UPWARDS OF TEN HOURS PER PIECE
DRAWING TIME. ONCE HE IS FINISHED, EACH GRAPHIC IS
PRINTED USING FILM SHOT DIRECTLY FROM THE ORIGINAL
ARTWORK. THIS PROCESS ALLOWS THE GRAPHICS TO BE
PRINTED ON A SHIRT WITHOUT THE USE OF COMPUTERS.
PRINTING THE "OLD SCHOOL" WAY. IN OUR OPINION, THIS
PROCESS RESULTS IN A HIGHER QUALITY PRINT, AND HELPS
MAINTAIN THE INTEGRITY OF THE ORIGINAL ARTWORK.





AVAILABLE AS:
MENS TEE
WOMENS TEE

SS0602 – BOMB HARD



SS0603 – STARTIN' UP A POSSE

AVAILABLE AS:
MENS TEE
WOMENS TUNIC

Exhibit
D







Mob U.S.
Administrator
Thank you for your support

Washing Instructions
For best results, wash garment before wearing
· Turn garment inside out.
· Wash garment separately from others (first time only).
· Machine wash cold, do not dry clean.
· Color-safe detergent.
· No chlorine bleach.
· Remove promptly from washer.
'Tumble dry low. Tip: Add towels to improve drying.'
100% Cotton
'Made in my factory'
Matt

STYLE: VIVAMOB
MBI-VIVA-LA-MOB
COLOR: WH
SIZE:L
M0274    2314800

10471 75570 4

$20.95 USD





**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Sat Mar 1 04:12:53 EST 2008

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | MOB INC. |
| **Goods and Services** | IC 025. US 022 039. G & S: Men's and women's clothing, namely consisting of-- shirts, pants, jackets, baseball hats, beanies, tank tops, jerseys, socks, sweaters, sweatshirts, underwear. FIRST USE: 19980201. FIRST USE IN COMMERCE: 20000501 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 78121485 |
| **Filing Date** | April 12, 2002 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 29, 2003 |
| **Registration Number** | 2775484 |
| **Registration Date** | October 21, 2003 |
| **Owner** | (REGISTRANT) Schoeman, Chad INDIVIDUAL UNITED STATES 195 Albert Place Costa Mesa CALIFORNIA 92627 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INC." APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

Exhibit F

1 | CHE L. HASHIM Esq. (SBN 238565)
179 11th Street, 2nd Floor
2 | San Francisco, CA 94103
Telephone: (415) 487-1700
3 | Facsimile: (415) 865-0376

4 | Attorney for Plaintiff
REBEL8, Inc.
5

6

7

8

9 | IN THE UNITED STATES DISTRICT COURT

10 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 | REBEL8, Inc.,                            )   Case No.:
                                           )
13 |              Plaintiff,                 )   DECLARATION OF JOSH DRAPIEWSKI
                                           )
14 |      vs.                                )
                                           )
15 | M.O.B., Inc. and CHAD SCHOEMAN          )
                                           )
16 |                                         )
                                           )
17 |              Defendants                 )

18

19 | _____

20 | I, JOSH DRAPIEWSKI, declare:

21 |      I am President and Founder of REBEL8, Inc.

22 | 1.   On October 31, 2007, I went to the No Fear website. I located a T-shirt with the "VIVA

23 |      LA MOB" drawing.

24 | 2.   The "VIVA LA MOB" T-shirt had a listed sale price of $20.88.

25 | 3.   I placed an order for the "VIVA LA MOB" T-shirt and purchased the T-Shirt under the

26 |      order number 51972.

27 | 4.   The t-shirt was shipped from No Fear, whose address is 1812 Aston Avenue, Carlsbad,

28 |      CA 92008.

Declaration of Josh Drapiewski

1

5. On October 31, 2007, I went to the sikkwear.com website. I located a T-shirt with the "VIVA LA MOB" drawing that was on sale.

6. The "VIVA LA MOB" T-shirt had a listed sale price of $20.88.

7. I placed an order for the "VIVA LA MOB" T-shirt and purchased the T-Shirt under the order number yhst-16864482899688-4581.

8. Upon information and belief, in September of 2007 I, Josh Drapiewski, had a conversation via the telephone with Chad Schoeman in which I indicated to him that I believed the "Viva la MOB" t-shirt design to infringe on my protected copyright in the "STARTIN' UP A POSSE" drawing. I was told that Mr. Schoeman did not have any knowledge of the infringement and "would have to see my registration" before he ceased producing and selling the infringing items.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed on March 5, 2008, at San Francisco, California.

Dated:  March 5, 2008

JOSH DRAPIEWSKI
Plaintiff
President and Founder of REBEL8, Inc.
1661 Tennessee Street, #2L
San Francisco, CA 94107

Declaration of Josh Drapiewski

2

Exhibit G

1  **CHE L. HASHIM Esq. (SBN 238565)**
   179 11th Street, 2nd Floor
2  San Francisco, CA 94103
   Telephone: (415) 487-1700
3  Facsimile: (415) 865-0376

4  Attorney for Plaintiff
   REBEL8, Inc.

5

6

7

8

9                   IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  REBEL8, Inc.,                          )  Case No.:
                                           )
13            Plaintiff,                    )  DECLARATION OF COUNSEL
                                           )
14       vs.                               )
                                           )
15  M.O.B., Inc. and CHAD SCHOEMAN          )
                                           )
16                                          )
                                           )
17            Defendants                    )

18  _____

19

20

21  I, CHE L. HASHIM, declare:

22       I am the attorney of record for Plaintiff in the above-entitled matter.

23

24  1.  On January 11, 2008 I attempted to find information relating to M.O.B., Inc. using

25      Google search engine with the terms "MOB Inc.", "MOB Inc. Clothing", "M.O.B. Inc."

26      and "M.O.B. Inc. Clothing."

27

28

                              Declaration of Counsel

                                      1

2. The search revealed a handful companies entitled MOB Inc., or some variation thereof. It also revealed websites contained images of clothing from MOB Inc. including, Myspace, Tilly's, Suburban Underground Clothing, No Fear and others.

3. I determined that the Myspace webpage bore a distinctive "MOB Inc." logo. The same logo found on Tilly's, Suburban Underground Clothing, No Fear and other websites selling the infringing "VIVA LA MOB" t-shirt and/or other apparel.

4. The Myspace page was entitled: "MOB INC. C.E.O. – 33 – Male – RIVERSIDE 909 FOR LIFE, California – www.myspace.com/mobincclothing." The quote on the page stated "FOR SALES INFORMATION E-MAIL MOBINCSALES@AOL.COM, VISIT WWW.MOBINC.NET." There was no street address on the webpage.

5. I checked www.mobinc.net to find an address. No street address was available on this webpage.

6. Searches also revealed one website, www.mobincclothing.com, relayed background information about MOB Inc. was located in Southern California. No street address was available on this webpage.

7. I checked the California Secretary of State website. It revealed only one active corporation called "M.O.B. Inc." located in or near Beverly Hills. Upon further research I determined that this Corporation was involved only in music sales, not apparel sales. It also revealed "M.O.B. Empire Inc." located in Huntington Beach.

8. I went to the website for the U.S. Patent and Trademark Office (USPTO). I searched the trademark database for "MOB Inc." It revealed that the Trademark was owned by an individual named Chad Schoeman of Costa Mesa, California. With this information I first learned of Chad Schoeman.

9. I went to yellowpages.com, superpages.com and yp.yahoo.com to search for any business listed as MOB Inc. There were no listings for a MOB Inc. Clothing or MOB Inc. apparel in California.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed on March 5, 2008, at San Francisco, California.

Dated:  March 5, 2008

CHE L. HASHIM
Attorney for Plaintiff
REBEL8, Inc.

Declaration of Counsel

3