**CHE L. HASHIM Esq (SBN 238565)**
179 11th Street, 2nd Floor
San Francisco, CA 94103
Telephone: (415) 487-1700
Facsimile:  (415) 865-0376

Attorney for Plaintiff
REBEL8, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEL8, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> M.O.B., Inc., CHAD SCHOEMAN <br><br> Defendant | Case No.: 3:08-cv-1303 WHA <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S REQUEST FOR ORDER DIRECTING SERVICE THROUGH MYSPACE OR BY OTHER ELECTRONIC MEANS. <br><br> Date: <br> Time: <br> Dept: |

## **INTRODUCTION**

A complaint and request for a Temporary Restraining order and Order to Show Cause why a Preliminary Injunction should not be granted, was filed in this Court on March 6, 2008.  This Court entered an order directing Plaintiff to serve upon defendant the Complaint, all Declarations, Memorandum of Points and Authorities in support of the requests, The Exhibits, and the Temporary Restraining Order and Order to Show Cause, no later than Saturday, March 8,

Notice of Motion For Preliminary Injunction

1

2008.  On Tuesday, March 11, 2008, This Court heard from Plaintiff's counsel, regarding failed efforts to serve Chad Schoeman personally.  This Court also heard that the other named defendant, M.O.B. Inc, was not served, as their true business identity could not be ascertained. This Court was made aware of an attempt to serve Defendant Schoeman electronically, through myspace.com, a social networking website in which users create a type of online social storefront, where they solicit communications via electronic mail.  This Court was left unsure of the validity of service through myspace.com, and instructed counsel to attempt to serve notice in a conventional manner, or to submit briefing to the Court in support of the previously affected service through myspace.com.  Attached and incorporated by reference herein, is a Declaration of Counsel detailing the effort to make personal service on Defendant Schoeman.

## ARGUMENT

Plaintiff in this case should not be allowed to avoid personal electronic service where all listed addresses have failed to yield successful service, and where he constructively consents to receiver service, on behalf of himself and M.O.B. Inc., electronically, by virtue of having created an electronic storefront from which he manages his business contacts, and essentially advertises himself as contactable through myspace.com regarding M.O.B. Inc. business.

Federal Rule of Civil Procedure 5(2)(E) provides that service may be made "by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving pary learns that it did not reach the person to be served.

United States District Court for the Northern District of California, Local Rule 5-5 (Manner of Service) provides in subdivision (b) "In cases subject to the Local Rules or General Orders of this Court regarding Electronic Case Filing, all

pleadings and papers must be electronically served in accordance with those Rules or General Orders." This case was previously

Myspace.com is a password protected site in which, when a message is sent through the site to another user, an additional notification of the fact that a message has been sent over the network, is delivered to the personal email address of the recipient, an email address that it is mandatory to include upon registration. This email address is lifeblood of communication over myspace.com, and therefore may be presumed to function if one's myspace.com profile page is observed as a functioning electronic entity. Additionally, senders of messages can track the progress of the message, giving the user the ability to check to see whether the intended recipient has indeed received and opened the message. In view of the aforementioned circumstances, Plaintiff respectfully requests this Court enter an order directing Plaintiff to serve Defendants through myspace.com, and to reset the TRO and OSC hearing for Wednesday, March 26, 2008, at a time convenient to this Court.

Dated:  March 18, 2008                    Respectfully submitted,


                                          /s/ CHE HASHM_____
                                          CHE L. HASHIM
                                          Attorney for Plaintiff
                                          REBEL8, INC.

# DECLARATION OF COUNSEL

I, Che L. Hashim, Esq., declare as follows:

1. Counsel has attempted affect personal service on Chad Schoeman at the following addresses, with the following results:

**17075 Raindrop Court, Riverside, CA**: Process server contacted a Jerami Schoeman who claimed to be the cousin of Chad Schoeman, but disclaimed knowledge regarding his whereabouts, permanent residence, or manner in which he may be contacted.

**195 Albert Place, Costa Mesa, CA**: Process server contacted the residents of this address, who stated that they knew that Chad Schoeman had lived there at least four years prior, and that they did not know to where he had moved, nor did they have any information regarding how he might be contacted.

**9344 Jurupa Road, Riverside, CA:** Process server contacted the residence of the Delgado's who had no knowledge of possible previous tenant Chad Schoeman.

**850 W 18th St. Costa Mesa, CA:** Process server contacted owner of a storage building who stated he did not have any knowledge of a rental unit being made available to either a Chad Schoeman, or to any company called M.O.B. Inc.

I declare under penalty of perjury that the forgoing is true and correct, and as to all those assertion made without my personal knowledge, I assert those facts based on information and belief. This declaration is being executed on March 19, 2008, at San Francisco, CA.

/s/ CHE HASHIM
CHE L. HASHIM, ESQ.
Attorney for Plaintiff
REBEL8, Inc.

Notice of Motion For Preliminary Injunction

5

grandcopy.nom.pi