**CHE L. HASHIM Esq (SBN 238565)**
179 11th Street, 2nd Floor
San Francisco, CA 94103
Telephone: (415) 487-1700
Facsimile:  (415) 865-0376

Attorney for Plaintiff
REBEL8, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEL8, Inc., | Case No.: 3:08-cv-01303-WHA |
| Plaintiff, | |
| vs. | CASE MANAGEMENT STATEMENT |
| M.O.B., Inc., CHAD SCHOEMAN | |
| Defendant | |

1. This court has jurisdiction of this action under federal copyright laws pursuant to 28 U.S.C. § 1331 and § 1338(a). This court has supplemental jurisdiction of state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. §§ 1400(a) and 1391(b) because Plaintiff REBEL8, Inc. has its principal place of business in the Northern District of California and because a substantial part of the event giving rise to the claim alleged occurred in this judicial district. Defendants were properly served by publication in the Riverside Press-Enterprise pursuant to the honorable Judge William Alsup's Order Authorizing Service by Publication, dated April 21, 2008.

Notice of Motion For Preliminary Injunction

1

2. On information and belief, Defendants have manufactured, distributed, marketed and/or sold infringing copies of Plaintiff's copyrighted graphic designs.

3. On information and belief, Defendants have infringed Plaintiff's copyrights by, *inter alia:* (1) selling or offering for sale various products containing designs substantially similar to Plaintiff's copyrighted designs; and (2) placing infringing products in close proximity to products belonging to Plaintiff's affiliated brands without the consent and/or authorization of Plaintiff. Defendants have engaged in, and are presently engaging in, deceptive trade practices wherein Defendants have acted with the purpose to infringe and dilute the "STARTIN' UP A POSSE" design of Plaintiff and to further unfairly compete with Plaintiff in contravention of California Business and Professions Code §§ 17200 *et seq.;* governing unfair trade practices.

4. Plaintiff's Motion for Preliminary Injunction filed March 6, 2008 was taken under submission by the court. Plaintiff's Temporary Restraining Order and Order to Show Cause filed March 6, 2008 was granted by Judge Alsup on March 6, 2008. Plaintiff's Temporary Restraining Order and Order to Show Cause filed March 13, 2008 was granted by Judge Alsup on March 13, 2008. Plaintiff's Application for an Order Authorizing Service by Publication filed April 17, 2008 was granted by Judge Alsup on April 21, 2008.

5. Based upon investigation to date, Plaintiff has no plan to amend the pleadings, but Plaintiff reserves the right to so amend the complaint if additional culpable parties or additional causes of action come to Plaintiff's attention.

6. Plaintiff has secured copies and/or representations of the infringing products and has captured evidence from the internet of the existence of offers to sell such infringing products over the internet. Additionally, Plaintiff has maintained all records supporting any subsequent request for damages.

7. Made moot by Defendants' failure to answer Plaintiff's complaint.

8. Made moot by Defendants' failure to answer Plaintiff's complaint.

9. Not Applicable.

10. Not Applicable.

11. Plaintiff seeks all relief available to it for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§ 101 *et seq.*, including but not limited to (1) seizure, impoundment and/or destruction of all products used to perpetrate the infringing acts pursuant to 17 U.S.C. § 503(a), (2) actual damages suffered by Plaintiff as a result of the infringement pursuant to 17 U.S.C. § 504(b), (3) an award of two times the amount of the license fee that the Defendant should have paid the Plaintiff for such infringing use during the preceding period of up to 3 years pursuant to 17 U.S.C. § 504(b), (4) any profits of Defendants that are attributable to the infringement and are not taken into account in computing the actual damages pursuant to 17 U.S.C. § 504(b), and (5) statutory damages (at Plaintiff's election) instead of actual damages and profits, for all infringements involved in the action, with respect to any one work, in a sum of not less than $ 750 or more than $ 30,000 as the court considers just pursuant to 17 U.S.C. § 504(c)(1), notwithstanding the court's discretion upon a finding of willful infringement to increase the award of statutory damages to a sum of not more than $ 150,000 per violation pursuant to 17 U.S.C. § 504(c)(2).   Plaintiff further seeks all relief available to it for unfair competition and deceptive trade practices under the common law of the State of California and under the California Business and Professions Code §§ 17200 *et seq*. Plaintiff further seeks that Defendants be required to account for all gains, profits and advantages derived from each of its infringements of the copyrights of Plaintiff and to pay Plaintiff such damages as Plaintiff has sustained in consequence of each of Defendant's infringements of the copyright, or such damage as to this court shall appear proper within the provisions of the Copyright Law, including, without limitation, statutory damages up to $ 150,000 per violation.  Plaintiff further seeks a preliminary and permanent injunction to issue restraining and enjoining each Defendant, and each such Defendant's officers, agents, attorneys, directors, employees and those acting in privity or in concert with them from directly or indirectly using, in any fashion, any of Plaintiff's copyrighted works.  Plaintiff further seeks that all gains, profits and advantages derived

by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff to avoid dissipation and/or fraudulent transfers of such monies by Defendants. Plaintiff further seeks that Defendants be ordered to pay (1) compensatory damages, (2) costs of this action, expenses, and reasonable attorney's fees, (3) prejudgment interest and (4) such other and further relief as the court may deem necessary or appropriate.

12. Made moot by Defendants' failure to answer Plaintiff's complaint.

13. Plaintiff hereby consents to have a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

14. This case is currently unsuitable for reference due to Defendants' failure to answer Plaintiff's complaint.

15. Made moot by Defendants' failure to answer Plaintiff's complaint.

16. Plaintiff intends to move for Entry of Default in 30 days.

17. Made moot by Defendants' failure to answer Plaintiff's complaint.

18. If Defendant answers or moves to set aside judgment of default, then Plaintiff demands a trial by jury on all causes of action so triable.

19. Not Applicable

Dated: June 5, 2008

/S/ CHE HASHIM_____

CHE L. HASHIM
Attorney for Plaintiff
REBEL8, INC.

Notice of Motion For Preliminary Injunction

4

grandcopy.nom.pi